1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,            )
                                     )
                                     )     Case No.  2:11-cr-00232-LDG-CWH
                                     )
vs.                                  )     **ORDER**
                                     )
NICHOLAS HILL,                       )
                                     )
                Defendant.           )
_____    )

        This matter is before the Court on Defendant's Sealed *Ex Parte* Motion for a Court Order

Compelling Production (#21), filed February 7, 2012.

### BACKGROUND

        Defendant Hill was indicated on July 15, 2011 in a two-court Indictment charging him with

Transportation of a Minor for Prostitution in violation of 18 U.S.C. § 2423(a) and Sex Trafficking

of Children in violation of 18 U.S.C. § 1591.  By way of the motion currently before the Court,

Defendant requests early production of documents pursuant to Rule 17(c).

### DISCUSSION

        The standards governing the issuance of subpoenas *duces tecum* under Fed. R. Crim. P.

17(c) were analyzed recently in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011).  Rule 17,

in pertinent part, provides:

>     A subpoena may order the witness to produce any books, papers, documents, data,
>     or other objects the subpoena designates.  The court may direct the witness to
>     produce the designated items in court before trial or before they are to be offered
>     in evidence.  When the items arrive, the court may permit the parties and their
>     attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).  Courts have discretion to direct that a subpoena *duces tecum* be made

returnable before trial.  Nevertheless, the law is clear that Rule 17 is not a discovery device.  *See*

*e.g.*, *United States v. Nixon*, 418 U.S. 683, 689 (1974); *see also Sellers*, 275 F.R.D. at 622-23

1   (collecting cases).  As noted in *Sellers*, "Leave of court is required for a pretrial subpoena *duces*

2   *tecum*."  *Id*. at 623 (citation omitted).  The Supreme Court has stated that "[e]nforcement of a

3   pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial

4   court since the necessity for the subpoena most often turns upon a determination of factual issues."

5   *Nixon*, 418 U.S. at 702.

6        The moving party bears the burden of showing good cause for the requested pretrial

7   production.  Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D.

8   335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate.  *See*

9   *Nixon*, 418 U.S. at 699.  The *Iozia* standard requires a showing: (1) that the documents are

10  evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance

11  of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without

12  production in advance of trial and that failure to obtain the documents may unreasonably delay the

13  trial; and (4) that the application is made in good faith and not intended as a fishing expedition.

14  *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

15       Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving

16  party must clear in order to carry his burden: relevancy, admissibility, and specificity.  *Nixon*, 418

17  U.S. at 700.  The moving party must "show the evidentiary nature of the requested materials ...."

18  *United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996).  Conclusory allegations of

19  relevance or admissibility are not sufficient.  *Sellers*, 275 F.R.D. at 623-24 (citations omitted).

20  Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or

21  evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the

22  offenses charged in the indictment.  *Id.* at 624 (citing *Nixon*, 418 U.S. at 700).  The specificity

23  requirement "ensures that the subpoenas are used only to secure for trial certain documents or

24  sharply defined groups of documents."  *Id*.  (quoting *United States v. Jackson*, 155 F.R.D. 664, 667

25  (D. Kan. 1994)).  Requiring specificity also protects against Rule 17(c) subpoenas being used

26  improperly to engage in fishing expeditions.  *Id*. (citation omitted).

27       The court in *Sellers* also addressed the issue of whether Rule 17(c) allows for an *ex parte*

28  application for pretrial production by indigent defendants. Contrary to Rule 17(b), the language of

1   Rule 17(c) does not expressly allow for pretrial production by an indigent defendant.  As noted in

2   *Sellers*, "[c]ourts are split as to whether a party may make an *ex parte* application for a pretrial

3   subpoena *duces tecum*, and the Ninth Circuit has not ruled on the issue." *Id*. at 624-25 (collecting

4   cases). This Court agrees with the conclusion in *Sellers* that an indigent defendant should be

5   permitted to make an *ex parte* application under Rule 17(c) under limited circumstances, "such as

6   where identification of the source of evidence potentially imperils the source or integrity of

7   evidence; or where notice of a subpoena *duces tecum* would compromise defense counsel's

8   strategy; or where a constitutional interest of a defendant is implicated." *Id*. at 625; *see also Reyes*,

9   162 F.R.D. at 470 (noting the strong policy reasons in favor of an *ex parte* procedure).  This Court

10   further agrees that allowing for an *ex parte* application for a Rule 17(c) subpoena *duces tecum* does

11   not entitle the defendant to strategic advantage or tactical surprise.  Rule 17(c)(1) is clear that "[t]he

12   court may direct the witness to produce the designated items in court before trial or before they are

13   offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them."

14   Fed. R. Crim. P. 17(c)(1).

15       The Court has reviewed the *ex parte* application for a Rule 17(c) subpoena *duces tecum* in

16   this case and finds that Defendant Hill has satisfied the *Iozia* test and cleared the hurdles of

17   relevancy, admissibility, and specificity. *See Nixon*, 418 U.S. at 700.  The Court further finds that

18   the application was properly made *ex parte* and shall remain sealed to protect the mental

19   impressions and trial strategy of defense counsel.  However, because the application justifies the

20   need for pretrial production of the documents requested, the Court, pursuant to Rule 17(c)(1) will

21   require the recipient of the subpoena to produce the designated items to the Clerk of Court.  Upon

22   receipt, the Clerk shall inform counsel for both parties that the documents are available and permit

23   both parties to inspect them.

24       Based on the foregoing and good cause appearing therefore,

25       **IT IS HEREBY ORDERED** that Defendant's Sealed *Ex Parte* Motion for a Court Order

26   Compelling Production (#21) is **granted**.  The motion shall remain under seal.

27       **IT IS FURTHER ORDERED** that the recipient of the subpoena shall produce and provide

28   documents responsive to the subpoena no later than **March 15, 2012**, along with a copy of this

1   Order to:

2   Clerk of Court, United States District Court for the District of Nevada
    Lloyd D. George United States Courthouse
3   333 Las Vegas Boulevard South
    Las Vegas, Nevada 89101.

4
        **IT IS FURTHER ORDERED** that upon receipt of the responsive documents, the Clerk of
5
    Court shall notify both parties that the documents are available for inspection and copying.
6
        **IT IS FURTHER ORDERED** that Defendant's counsel shall serve a copy of this Order
7
    along with the subpoena.
8
        DATED this 23rd day of February , 2012.
9

10  _____
    C.W. Hoffman, Jr.
11  United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28